FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ JUN 25 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,

    -against-

DARRON ROBERTS,

                Defendant.
----------------------------------------X

**OPINION & ORDER**
09-CR-439 (SJF)

FEUERSTEIN, J.

On February 17, 2010, defendant Darron Roberts ("defendant") pleaded guilty to Count Two (2) of a four (4)-count indictment charging him with the crime of distribution of and possession with intent to distribute five (5) grams or more of cocaine base ("crack"), cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), (b)(1)(C) and (b)(1)(D), a Class B felony. On July 26, 2010, I sentenced defendant to a determinate term of imprisonment of one hundred five (105) months, to be followed by a period of supervised release for four (4) years, on Count Two (2) of the indictment and dismissed the remaining counts charged in the indictment on the government's motion. Pending before the Court is defendant's motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The government opposes the motion. For the reasons set forth herein, defendant's motion is denied.

I.     Background

The Presentence Report ("PSR"), as amended by an Addendum, and adopted by the Court without change, indicates that on three (3) separate dates between February 25, 2009 and March 19, 2009, defendant sold drugs to a confidential informant ("CI"); that on June 5, 2009, defendant

1

was arrested while in the process of distributing drugs to the CI and a search warrant was executed at his home following his arrest; and that defendant was held accountable for selling or possessing with intent to distribute a total amount of over fifty-seven (57.747) net grams of crack, twenty-eight (28.292) net grams of cocaine and thirty-two (32.116) net grams of marijuana.[1]

Pursuant to the United States Sentencing Guidelines Manual ("the Guidelines") effective at the time of defendant's sentence, defendant's base level offense was thirty (30). The offense level was not reduced by two (2) levels pursuant to the "safety-valve" set forth in Section 5C1.2 of the Guidelines, since, *inter alia*, defendant has more than one (1) criminal history point.[2] However, the offense level was reduced by three (3) levels based upon defendant's acceptance of responsibility, thereby reducing his total offense level to twenty-seven (27). Since defendant's criminal history placed him in Criminal History Category V, the then-applicable advisory Guidelines range was a term of imprisonment of between one hundred twenty (120) to one hundred fifty (150) months. The statutory minimum term of imprisonment is five (5) years, followed by a period of post-release supervision of at least four (4) years, 21 U.S.C. § 841(b)(1)(B), unless the Court determines that defendant satisfied the mitigating factors in 18 U.S.C. § 3553(f).

---

[1] Although Count Two (2) of the indictment held defendant accountable only for the drugs he sold to the CI on March 10, 2009, the PSR indicates that defendant's sale and possession with intent to distribute drugs on the other three (3) dates are considered relevant conduct since those acts occurred as part of a common scheme to sell drugs.

[2] The PSR indicates that defendant has a total of eleven (11) criminal history points based upon five (5) prior convictions in state court for (a) criminal sale of a controlled substance in the fifth degree; (b) criminal possession of a controlled substance in the fourth degree; (c) attempted criminal possession of a controlled substance in the fifth degree; (d) attempted criminal possession of a controlled substance in the fourth degree; and (e) criminal possession of a controlled substance in the third degree.

The PSR identified one (1) aggravating factor to be considered by the Court upon sentencing, i.e., the fact that defendant committed a portion of the offense to which he pled guilty while pending trial in connection with New York State arrests on March 24, 2009 and April 14, 2009. The PSR did not identify any mitigating factors to be considered by the Court upon sentencing.

On July 26, 2010, I sentenced defendant to, *inter alia*, a term of imprisonment of one hundred five (105) months, to be followed by a period of supervised release for four (4) years, based in part upon the Supreme Court's decision in Spears v. United States, 129 S. Ct. 840 (2009), holding that a district court may replace the advisory Guidelines quantity ratio for crack versus powder cocaine offenses with its own twenty-to-one (20:1) ratio based on a policy disagreement with the Guidelines, i.e., that the one hundred-to-one (100:1) Guidelines ratio yielded an excessive sentence in light of the sentencing factors in 18 U.S.C. § 3553(a). Utilizing the twenty-to-one (20:1) ratio reduced: (a) defendant's base offense level to twenty-six (26); (b) his total offense level to twenty-three (23); and (c) the applicable Guidelines range to eighty-four (84) to one hundred five (105) months. Defense counsel requested that defendant be sentenced to the minimum of the advisory Guidelines range under Spears, i.e., to a term of imprisonment of eighty-four (84) months. Upon consideration of the factors under 18 U.S.C. § 3553(a) and, specifically, defendant's significant criminal history, the fact that defendant committed the offense to which he pled guilty while he had other cases pending in state court of a similar nature, the fact that defendant had entered into a plea agreement containing a minimum sentence of one hundred twenty (120) months after the Supreme Court decided Spears and the fact that defendant "has shown absolutely no sign of thinking about anything when he gets out or anything beyond

3

his immediate release," (S. 7), I sentenced defendant to the maximum advisory Guidelines range utilizing the less-punitive twenty-to-one (20:1) ratio under Spears.

On November 28, 2011, defendant filed a *pro se* motion pursuant to 18 U.S.C. § 3582(c)(2) seeking to reduce his sentence based upon Amendment 750 to the Guidelines, effective November 1, 2011, which: (a) implements the Fair Sentencing Act of 2010 ("the FSA"), Pub. L. 111-220, 124 Stat. 2372 (2010), by, *inter alia*, reducing the Guidelines ranges for certain federal crack cocaine offenders and (b) applies retroactively, see U.S.S.G. 1B1.10(c). Defendant attached to his motion, *inter alia*, Certificates of Completion of (a) a Basic Spin Cycling class, (b) an ACE Basic Construction class, (c) a Non-Residential Drug Abuse class, (d) a Drug Abuse Education class, and (e) an Advanced Spin class.

The government does not dispute that defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), but opposes any further reduction of defendant's sentence. In reply, defendant contends, *inter alia*: (1) that he "has a very good conduct record in prison;" (2) that his plan is to "get out, get a good steady job and support [his family];" (3) that he has completed a third "cardio class[]" and a typing class, and has "a completed GED;" and (4) that he has worked at the power house while incarcerated and attends a commercial driver's license class "in [his] spare time." Defendant seeks a reduction of his sentence to a term of imprisonment of sixty (60) months, the statutory minimum.

II. Discussion

18 U.S.C. § 3582(c)(2) provides, in relevant part:

> "The court may not modify a term of imprisonment once it has been imposed except that— * * * in the case of a defendant who has been sentenced to a term of

4

> imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant * * *, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Supreme Court has held that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the [Sentencing] Commission." Dillon v. United States, 130 S. Ct. 2683, 2690, 177 L.Ed.2d 271 (2010). "The question in [this] context is not what sentence is appropriate, but rather whether the sentence actually imposed should be reduced in light of an intervening retroactive amendment." United States v. Rivera, 662 F.3d 166, 179 (2d Cir. 2011). A Section 3582(c)(2) proceeding is "a limited revisiting of a previously-imposed sentence, during which the analytic framework of the sentence is replicated with one exception– the provision that has been retroactively amended is substituted for the corresponding provision applied at the time of sentencing." Id. at 180. Since Section 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding," Dillon, 130 S. Ct. at 1391, the sentencing court is not "free to address * * * arguments regarding [other] errors at [the defendant's] original, now-final sentencing." United States v. Mock, 612 F.3d 133, 134-35 (2d Cir. 2010).

It is undisputed that part A of Amendment 750 reduces the offense levels applicable to federal crack cocaine offenses, see Drug Quantity Table in U.S.S.G. § 2D1.1(c)(7), and that the Sentencing Commission added Amendment 750 to Section 1B1.10(c) of the Guidelines as a retroactive amendment pursuant to its authority under 28 U.S.C. § 994(u). However, "[a]

5

retroactive amendment merely authorizes a reduction in sentence; it does not require one." Rivera, 662 F.3d at 170. Moreover, "Section 3582(c)(2) grants courts the authority to reduce sentences only if doing so is consistent with the [Sentencing] Commission's applicable policy statements." Id.; see also Freeman v. United States, 131 S. Ct. 2685, 2693, 180 L.Ed.2d 519 (2011) ("The binding policy statement governing § 3582(c)(2) motions places considerable limits on district court discretion.") The relevant policy statement is set forth in Section 1B1.10 of the Guidelines which provides, in relevant part:

> "(a) Authority–
>
>> (1) In General.– In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>>
>> (2) Exclusions.– A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if– (A) None of the amendments listed in subsection (c) is applicable to the defendant; or (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>>
>> (3) Limitation.– Consistent with subsection (b), proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.
>
> (b) Determination of Reduction in Term of Imprisonment.–
>
>> (1) In General.– In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the

> corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>
> (2) Limitation and Prohibition on Extent of Reduction.– (A) Limitation.– Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection. (B) Exception for Substantial Assistance.– If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. (C) Prohibition.– In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.
> * * *."

Thus, pursuant to the policy statement, "[a]ll Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment." Freeman, 131 S. Ct. at 2693 (citing U.S.S.G. § 1B1.10(b)(1)).

In Dillon, the Supreme Court articulated a two (2)-step inquiry that must be applied in considering a defendant's request for a sentence reduction pursuant to Section 3582(c)(2). 130 S.Ct. 2683, 177 L.Ed.2d 271. First, the sentencing court must "determine that a reduction is consistent with § 1B1.10 * * * by determin[ing] the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Id. at 2691. "Specifically, § 1B1.10 requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." Id. Moreover, "the limitations on the degree of a sentence reduction under § 3582(c)(2) [as set forth in Section 1B1.10(b)(2)] are mandatory." Rivera, 662 F.3d at 171.

At the second step of the Dillon inquiry, applicable only if the defendant is found eligible

7

for a reduction in sentence pursuant to Section 3582(c)(2), the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 130 S. Ct. at 2692. The policy statement in Section 1B1.10 "remains in play at th[e] [second] step as well." Mock, 612 F.3d at 137. Thus, "even where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate." Freeman, 131 S. Ct. at 2694.

### A. Step One of the Dillon Inquiry

It is undisputed that under Amendment 750, defendant's base level offense is eligible for a reduction from thirty (30) to twenty-six (26). See U.S.S.G. § 2D1.1(c)(7) (prescribing an amended base level of twenty-six (26) for, *inter alia*, an offense involving at least twenty-eight (28) grams but less than one hundred twelve (112) grams of cocaine base). Applying the three (3)-level reduction for acceptance of responsibility that was applied on defendant's original sentencing reduces his total offense level to twenty-three (23). Given defendant's Criminal History Category of V, the amended Guidelines range is a term of imprisonment for eight-four (84) to one hundred five (105) months. See U.S.S.G. Sentencing Table, Ch. 5, Pt. A. Accordingly, defendant is eligible for a sentence reduction under Section 3582(c)(2) and, pursuant to the policy statement, his sentence may be reduced by as much as twenty-one (21) months, i.e., to eighty-four (84) months, the minimum amended Guidelines range. See U.S.S.G. 1B1.10(b)(2).

B.  Step Two of the Dillon Inquiry

Upon review of the sentencing memoranda, the PSR and the parties' submissions, and consideration of (a) the factors listed in Section 3553(a), particularly, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the need for the sentence imposed to afford adequate deterrence to criminal conduct; and (c) the applicable policy statements issued by the Sentencing Commission, see U.S.S.G. § 1B1.10, defendant's motion for a reduction of his sentence pursuant to 18 U.S.C. 3582(c)(2) is denied, particularly since the amended Guidelines range is the same as the advisory Guidelines range considered during the original sentencing utilizing the twenty-to-one (20:1) ratio authorized under Spears.

III.  Conclusion

For the reasons set forth above, defendant's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

SO ORDERED.                           s/ Sandra J. Feuerstein

                                      SANDRA J. FEUERSTEIN
                                      United States District Court
Dated: June _, 2012
       Central Islip, New York